FILED

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SILVA ARAMYAN, a.k.a. Silva Movsisyan; ANZEHLA ARAMYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70953 <br><br> Agency Nos.    A098-144-932 <br>                   A095-673-736 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Silva Aramyan and her daughter, natives and citizens of Armenia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying Silva Aramyan's

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review findings of fact for substantial evidence and questions of law de novo." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Aramyan's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986). Accordingly, we deny the petition as to the petitioners' asylum claims.

Substantial evidence supports the IJ's determination that Aramyan was not credible based on Aramyan's admission that her initial asylum application was entirely false and her failure to correct the false statements. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) ("[H]ad she desired to tell the truth and correct a false statement she could have easily done so . . . ."). The adverse credibility determination is further supported by Aramyan's submission of fraudulent documents in support of her initial application and the lack of evidence to corroborate her amended application. *See Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004) ("[T]he use of a fraudulent document may, considering the totality of the record, lend support to an adverse credibility finding."); *Sidhu v.*

*INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). In the absence of credible testimony, Aramyan cannot establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We therefore deny the petition as to that claim.

Because Aramyan's CAT claim is based on the same evidence that the agency found not credible, and she points to no other evidence showing it is more likely than not she would be tortured if returned to Armenia, her CAT claim fails. *See id.* at 1156–57.

Finally, we deny the petition as to Aramyan's claim that her asylum application was not frivolous under 8 U.S.C. § 1158(d)(6). The IJ and BIA followed the required procedural framework, and the determination that Aramyan deliberately fabricated material elements of her asylum application is supported by the preponderance of the evidence. *See* 8 C.F.R. § 1208.20; *Ahir v. Mukasey*, 527 F.3d 912, 917–19 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**